IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO TARELL JONES, | | No. 4:25-CV-01936 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| WARDEN J. FRITH, | | |
| Respondent. | | |

**MEMORANDUM OPINION**

**APRIL 15, 2026**

Alonzo Tarell Jones filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Schuylkill in Minersville, Pennsylvania. He asserts that the Federal Bureau of Prisons (BOP) has improperly calculated time credits earned under the First Step Act of 2018 (FSA)[1] based on an erroneous accrual date. Because Jones' Section 2241 petition implicates only prerelease custody, the Court must dismiss his petition for lack of habeas jurisdiction.

## I.    BACKGROUND

Jones lodged the instant Section 2241 petition in October 2025.[2] He alleges that BOP officials have improperly calculated his FSA earned time credits by failing to start the calculation of his FSA credits at the date of his sentencing

---

[1]    Pub. L. 115-391, 132 Stat. 5194 (2018).
[2]    *See generally* Doc. 1.

(February 24, 2022) as opposed to the date that he was incarcerated in a federal prison (April 20, 2022).[3] He asks the Court to order the BOP to recalculate his FSA credits using his sentencing date as the FSA accrual date.[4]

According to the most recent FSA time credit assessment provided to the Court, as of October 26, 2025, Jones had accrued 410 FSA credits.[5] The BOP has designated 365 FSA credits toward early release to supervised release—the maximum allowed by statute.[6] The remaining 45 FSA time credits are designated toward prerelease custody placement.[7] Jones' most recent recidivism risk score (or "PATTERN" score) is Medium.[8]

Following Respondent's answer[9] to his Section 2241 petition, Jones did not file a traverse. The time for doing so has passed, so Jones' habeas petition is ripe for disposition.

## II.    DISCUSSION

Jones contends that the BOP has used the wrong accrual date for his FSA credits and should instead start his FSA credit calculations on the date he was sentenced. The Court cannot reach Jones' argument because it implicates only

---

[3]    *See id.* at 2.
[4]    *See id.* at 5.
[5]    *See* Doc. 7-5 at 2. It is possible (and indeed likely) that Jones has earned additional FSA time credits since this last assessment. Nevertheless, any additional time credits earned would have no effect on the outcome of this petition.
[6]    *See id.*; 18 U.S.C. § 3624(g)(3).
[7]    *See* Doc. 7-5 at 2.
[8]    *See* Doc. 7 at 5; Doc. 7-5 at 2.
[9]    Doc. 7.

prerelease custody and therefore habeas jurisdiction is lacking. Additionally, Jones' Medium recidivism risk level bars application of his FSA credits at this time.

### 1.    No Habeas Jurisdiction

As noted above, as of October 2025, Jones had earned 410 FSA credits. The maximum amount of FSA credits that can be applied toward early release to supervised release is 365.[10] Thus, Jones' argument regarding roughly two months of additional FSA programming days implicates only additional FSA credits toward time in *prerelease* custody. As such, Jones' Section 2241 petition is not cognizable on habeas review in this circuit. The Court, therefore, cannot reach the merits of Jones' FSA prerelease custody claim and instead must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement.[11] In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences via a petition under 28 U.S.C. § 2241.[12]

---

[10]    *See* 18 U.S.C. § 3624(g)(3).
[11]    *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973).
[12]    *See Woodall*, 432 F.3d at 241-44.

Following *Woodall*, however, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the *Woodall* panel acknowledged that the precise meaning of this phrase is "hazy."[13]

In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the court of appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges in this circuit. The *Cardona* panel first reviewed *Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas petitions and had determined that the claims presented therein were cognizable under Section 2241.[14]

From these two decisions, the *Cardona* panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order.[15] As the Third Circuit explained, the reason the petitioners in *Woodall* and *McGee* could seek review under Section 2241 of the execution of their sentences was because both petitions "challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."[16] The *Cardona* panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a

---

[13]  *Id.* at 242.
[14]  *See Cardona*, 681 F.3d at 536-37.
[15]  *See id.*
[16]  *Id.* at 536.

4

command or recommendation in the sentencing judgment."[17]  There, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.[18]

The same is true for Jones' Section 2241 petition.  He has not alleged, much less established, that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence.  Indeed, there is nothing in Jones' sentencing judgment discussing or even alluding to prerelease custody.[19]  Thus, his petition does not properly challenge the "execution" of his sentence—as that term of art has been refined by *Cardona v. Bledsoe*—so this Court has no jurisdiction to consider his habeas claim.[20]

The Court is aware that circuit precedent regarding habeas jurisdiction for execution-of-sentence challenges is not entirely cohesive.  As the Honorable Julia K. Munley has recently set forth in exhaustive detail, there are multiple decisions (both precedential and nonprecedential) within the circuit regarding jurisdiction for execution-of-sentence habeas claims that appear to provide conflicting guidance.[21]

---

[17]  *Id.* at 537.
[18]  *See id.* at 537, 538.
[19]  *See United States v. Jones*, No. 3:19-cr-986-14, Docs. 1051, 1422, 1726 (D.S.C.).
[20]  *See Cardona*, 681 F.3d at 537, 538.
[21]  *See Miles v. Arviza*, No. 3:24-cv-2252, 2025 WL 981870, at *3-4 (M.D. Pa. Apr. 1, 2025) (Munley, J.).

Nevertheless, the Court agrees that despite the "seemingly contradictory nature" of these decisions, *Cardona v. Bledsoe* "delineate[s] the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit."[22]  And under *Cardona*'s "rigid" jurisdictional boundaries,[23] Jones' habeas challenge is not cognizable.  Therefore, his Section 2241 petition must be dismissed for lack of jurisdiction.  The Court offers no opinion regarding the availability of other potential avenues of review for Jones' First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

### 2.    Application of FSA Credits is Improper at this Time

Even if the Court could consider the merits of Jones' habeas petition, it could not grant the relief he seeks (*i.e.*, ordering the BOP to apply additional FSA credits toward time in prerelease custody).  In order to be eligible to have FSA time credits *applied* toward prerelease custody or supervised release (rather than simply earned), an inmate must satisfy the recidivism risk requirements set forth in 18 U.S.C. § 3624(g)(1)(D)(i)(I) and (ii), respectively.  Those statutory provisions require, for early placement in prerelease custody, that the prisoner "has been determined . . . to be a minimum or low risk to recidivate pursuant to the last 2

---

[22]    *Id.*, at *4.
[23]    *Id.*

reassessments of the prisoner"[24] and, for early placement in supervised release, that "the prisoner has been determined . . . to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."[25]  Thus, under either provision, the inmate must be determined to be a minimum or low risk to recidivate before FSA time credits can be applied.[26]  It is undisputed that Jones' current recidivism risk level, however, is Medium.

If an inmate cannot meet this recidivism-risk requirement, he or she may alternatively petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release.[27]  The warden can approve that petition upon determining that the prisoner (1) "would not be a danger to society if transferred to prerelease custody or supervised release," (2) "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and (3) "is unlikely to recidivate."[28]

This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and

---

[24]  18 U.S.C. § 3624(g)(1)(D)(i)(I).  The corresponding regulation uses slightly different wording but contains the same requirement: the inmate must have "maintained a minimum or low recidivism risk through his or her last two risk and needs assessments."  28 C.F.R. § 523.44(c)(1).

[25]  18 U.S.C. § 3624(g)(1)(D)(ii); *see also* 28 C.F.R. § 523.44(d)(1).

[26]  There are additional requirements in Section 3624(g) for application of FSA time credits.  For example, to be eligible for application of credits, the prisoner must have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).

[27]  *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).

[28]  *Id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).

regulation) demands administrative exhaustion.  Nowhere in Jones' Section 2241 petition or attached exhibits from the administrative remedy process does he indicate that he ever sought individualized approval from the warden for application of FSA credits despite his "Medium" recidivism risk.  Moreover, even if Jones made the requisite request for this relief and the warden denied his petition (and Jones followed the required appeal steps set forth in 28 C.F.R. §§ 542.13-.15), any review of that decision by this Court would be constrained to determining whether the BOP had abused its discretion.[29]

In sum, Jones' Section 2241 petition—which implicates prerelease custody only—is not cognizable in this circuit.  Moreover, his Medium recidivism risk level bars application of his FSA credits at this time.  Accordingly, the Court must dismiss his petition.

## III.    CONCLUSION

Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which asserts a challenge under the FSA regarding time in prerelease custody—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his judgment of sentence—fails to meet the stringent

---

[29]  *See Collins v. Warden Canaan FPC*, 2022 WL 2752536, at *2 (3d Cir. 2022) (nonprecedential) (citing *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that federal court's review of BOP's prerelease-placement decision under Second Chance Act "is limited to whether the BOP abused its discretion")); *see also Bains v. Quay*, No. 3:21-cv-00353, 2021 WL 5343485, at *3 n.9 (M.D. Pa. Oct. 27, 2021) (describing recidivism-risk exception in Section 3624(g)(1)(D)(i)(II) as "discretionary"), *adopting report & recommendation*, 2021 WL 5330841 (M.D. Pa. Nov. 16, 2021) (Kane, J.).

jurisdictional requirements set forth in *Cardona v. Bledsoe*. The Court, therefore, must dismiss his Section 2241 petition for lack of habeas jurisdiction. Jones, moreover, is statutorily ineligible for application of FSA time credits at this time. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge